IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON AND MOZELL MOORE, | ) |
| PLAINTIFFS, | ) |
| v. | ) CASE NO. 2:03-cv-1254-F |
| FIRST FAMILY FINANCIAL SERVICES, INC., et al., | ) |
| DEFENDANTS. | ) |

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc # 4) filed by Plaintiffs on January 15, 2004. This lawsuit was originally filed in the Circuit Court of Bullock County, Alabama. Arguing that Plaintiffs had fraudulently joined Defendant Joana Tew (hereinafter "Tew"), an Alabama resident, Defendants removed the action from state to federal court. Plaintiffs seek remand of this action contending that Tew was not fraudulently joined.[1] For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to Remand is due to be GRANTED because Tew was not fraudulently joined.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

---

[1] Plaintiffs raised two other arguments in their motion to remand, but because of this Court's findings on the fraudulent joinder issue, the Court need not and does not reach these alternative grounds for the motion to remand.



(11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334, 1337 (11th Cir.2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Tew and Plaintiffs are all residents of Alabama. Defendants argue that, due to

the fraudulent joinder, the Court should disregard Tew's residency for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[2] ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts ... [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse

---

[2] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 911th Cir. 1998) (emphasis in original).

3

defendant.

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[3] In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

Defendants assert only the first type of fraudulent joinder. Specifically, they argue that there is no possibility that Plaintiff can establish a cause of action against Tew. The Court has carefully reviewed the claims against Tew and the arguments of the parties, and

---

[3] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'... When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

4

it must conclude that in this case there is a possibility that the Plaintiffs can establish at least one of their causes of action against Tew. Accordingly, this Court must find that the joinder is proper and remand the case to the Circuit Court of Bullock County, Alabama.

It is hereby ORDERED as follows:

(1) Plaintiffs' Motion to Remand (Doc. # 4) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Bullock County, Alabama.

(3) The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 24th day of September, 2004.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE