IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GEORGE MASON,                          )
                                       )
        PLAINTIFF,                     )
                                       )
v.                                     )    CASE NO.: 3:05-cv-752-MEF
                                       )
AMERICAN INTERNATIONAL GROUP,          )
INC., et al.,                          )
                                       )
        DEFENDANTS.                    )

### ORDER

This cause is before the Court on the Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 17). The Court has carefully considered all arguments in support of and in opposition to the this motion and for the reasons set forth in this Order, the Court finds that it is due to be GRANTED in part and DENIED in part.

This Court is of the opinion that it has the discretion to allow removing defendants leave to conduct discovery directed toward defending against a plaintiff's motion to remand. Of course, such discovery is not warranted in every case and will not be granted as a matter of course. In some circumstances, however, it may be appropriate.

Plaintiff alleges that "in or about the year 1993" he entered into "several loans" with Defendants. Compl. at ¶ 11. He further alleges that through their agent Defendant Kathie Rowell, a resident of Alabama, the corporate defendants defrauded him. Compl. at ¶ 1. The specific nature of the alleged fraudulent misrepresentations is set forth in the Complaint.



*See* Compl. at ¶¶ 12-14. Asserting that Rowell was fraudulently joined, Defendants removed this action to this Court. Plaintiff sought remand.

Defendants filed the instant motion seeking additional time to formulate a response to the motion to remand after conducting certain discovery relevant to issues relating to subject matter jurisdiction. Although the motion only explicitly seeks additional time for the filing of the Defendants' brief in opposition to the motion to remand, implicit in this motion is a motion for leave to conduct remand-related discovery as well. In support of their contention that such discovery is warranted, Defendants have represented to this Court that despite significant effort, they have been unable to locate loan documents relating to loans to Plaintiff in 1993. Such documents are relevant to the traditional fraudulent joinder inquiry that is key to the motion to remand. From Plaintiff's submissions in support of the motion to remand, it appears that Plaintiff's counsel has reviewed certain documents relating to Plaintiff's loan.

In the circumstances of this case, the Court finds it appropriate to allow Defendants limited discovery in support of their opposition to the pending motion to remand. The Court appreciates Defendants' effort to submit an opposition to the motion to remand without the discovery, but agrees that some discovery is necessary. Accordingly, it is hereby ORDERED as follows:

(1) Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to

---

¹ For example, Plaintiff's counsel asserts that "the loan documents do not contradict the representations made by the Defendants, and Plaintiff could not have discovered the misrepresentation by reading the loan documents." *See* Doc. # 15 at pp. 5-6.

Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 17) is GRANTED in part and DENIED in part.

(2) By no later than **February 17, 2006**, counsel for Plaintiff shall produce to Defendants' counsel copies of: (a) each and every document in the custody or control of Plaintiff or Plaintiff's counsel that specify or identify the loan or loans at issue in this lawsuit or the date on which the loan or loans were obtained; (b) each and every document in the custody or control of Plaintiff or Plaintiff's counsel that forms the good faith basis for Plaintiff's belief that Kathie Rowell made representations to him in connection with the loan or loans as alleged; and (c) each and every document in the custody or control of Plaintiff or Plaintiff's counsel that Plaintiff received from any Defendant relating to the loan or loans at issue in this lawsuit. To the extent Defendants are seeking additional discovery by any other means other than what the Court has specifically permitted above, that request is DENIED.

(3) By no later than **February 24, 2006**, Defendants shall supplement their opposition to the plaintiff's motion to remand.

(4) By no later than **March 3, 2006**, Plaintiff shall file a reply brief in support of the motion to remand.

DONE this the 9th day of February, 2006.


/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE