IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS H. RAYBORN and EVON )
S. RAYBORN, )
 )
    Plaintiffs, )
 )
v. )   CIVIL ACTION 03-0575-WS-C
 )
PRINCIPAL EQUITY MORTGAGE, )
INC., et al., )
 )
    Defendants. )

ORDER

    This matter is before the Court on defendant HomEq Servicing Corporation's ("HomEq") Motion for Additional Time to Respond to Plaintiffs' Motion to Remand, for the Purpose of Conducting Remand-Related Discovery (doc. 6) (the "Motion"). On October 2, 2003, this Court entered an Order requiring HomEq to file a response to plaintiffs' Motion to Remand on or before October 20, 2003. HomEq now seeks a 60-day enlargement of that deadline, during which HomEq intends to "propound remand-related interrogatories, requests for production and requests for admission" and "take the remand-related depositions of the Plaintiffs (if necessary)." (Motion, at 1.)

I.    Background.

    The Complaint reflects, and the parties agree, that this action is, at its core, a dispute between a borrower and a lender's assignee over late fees and delinquency charges relating to plaintiffs' residential mortgage loan. (Complaint, ¶¶ 14-28; Motion to Remand, ¶ 7; Motion, at 2-3.) As HomEq explains, "Plaintiffs filed the present lawsuit contending the aforementioned late fees and delinquency charges would not have been assessed if a payment grace period were applied" under a forbearance agreement between plaintiffs and HomEq. (Motion, at 3.) Originally filed in the Circuit Court of Mobile County, plaintiffs' Complaint alleges two causes of action for fraud and a third for breach of the mortgage and



EXHIBIT K

note, all arising from HomEq's allegedly charging plaintiffs various mortgage-related fees and expenses to which plaintiffs allegedly had not agreed or with respect to which HomEq had allegedly engaged in fraudulent misrepresentations or suppressions. (Complaint, ¶¶ 19-28.) The Complaint claims both punitive and compensatory damages with respect to the fraud causes of action, as well as compensatory damages as to the breach of contract claim, but is silent as to the total amount of damages sought by plaintiffs in this action. (Id.)

On August 27, 2003, HomEq filed a Notice of Removal through which it removed this action to federal court on diversity grounds pursuant to 28 U.S.C. § 1332.[1] HomEq specifically asserted that the $75,000 amount in controversy requirement was satisfied here because plaintiffs had not specified the amount of damages sought, the value of the loan at issue was $77,200, the value of plaintiffs' home was appraised at $104,000, and the compensatory and punitive damages claimed by plaintiffs well exceeded the $75,000 threshold, based on review of purportedly similar cases. (Notice of Removal, at ¶¶ 18-22.) On September 29, 2003, plaintiffs filed a Motion to Remand, focusing on the amount in controversy requirement and alleging that HomEq had failed to make an adequate showing that said requirement was satisfied here.

II.     HomEq's Motion for Extension of Time.

HomEq seeks an extension of time to respond to the Motion to Remand for the purpose of enabling it to conduct discovery with respect to the amount in controversy. HomEq contends that such limited, remand-related discovery should be permitted for fairness reasons "[s]ince Plaintiffs have declined to admit they are not seeking more than $75,000." (Id. at 2.) Without such discovery, HomEq contends that it cannot conduct the analysis necessary to establish that plaintiffs' claims exceed the jurisdictional minimum. (Id. at 5-6.) Moreover, according to HomEq, "the Eleventh Circuit has expressly approved of post-removal petition discovery for the purpose of reviewing a plaintiff's motion to remand." (Id. at 5 (citing Sieminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir.

---

[1] Under 28 U.S.C. § 1332, federal courts have original jurisdiction over civil actions between citizens of different states, provided that the amount in controversy exceeds the value of $75,000, exclusive of interest and costs. Id.

2000).) Notwithstanding HomEq's assertions, however, this Court does not agree that principles of fairness or Eleventh Circuit precedent militate in favor of granting of a 60-day preliminary discovery period in this action regarding the amount in controversy.

### A. Preliminary Discovery Is Not Warranted on Fairness Grounds.

Where an action is removed to federal court, it is incumbent on the removing defendant to establish the existence of federal jurisdiction. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). If a Complaint does not identify the particular amount of damages sought, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement," *Fitzgerald v. Besam Automated Entrance Systems*, 2003 WL 22136266, *4 (S.D. Ala. Sept. 15, 2003) (quoting *Tapscott*, 77 F.3d at 1357); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (similar).

In their Motion to Remand, plaintiffs argue that HomEq failed to carry its burden of establishing that the amount in controversy exceeds $75,000. (Motion to Remand, at ¶¶ 3, 8.) HomEq takes issue with plaintiffs' contentions, expressing indignance that plaintiffs do not affirmatively assert that their claims fall below the $75,000 threshold.[2] (Motion, at 2, 5, 6.) Based on the circumstance of plaintiffs' failure to make an affirmative statement regarding the amount they seek in this action, HomEq maintains that discovery is warranted based on principles of fairness. However, this contention fails for two

---

[2] In particular, HomEq charges the plaintiffs with trying to "have their cake and eat it too," with choosing "to keep the amount of their demand a mystery," and with squandering "every opportunity to inform this Court that their claims do not meet the $75,000 threshold." (*Id.*) Thus, HomEq implies that plaintiffs are engaging in nefarious conduct by accusing HomEq of not meeting the jurisdictional threshold while failing affirmatively to assert the threshold is not met (presumably to preserve their right to claim higher damages, if appropriate, later on).

distinct reasons. First, it disregards the fact that the burden of proof on this question rests squarely on HomEq's shoulders, as the removing defendant. Simply put, plaintiffs are under no obligation to prove or allege anything about the level of damages they claim in order to defeat federal jurisdiction. Were the law otherwise, unscrupulous defendants could manipulate the removal process to "smoke out" plaintiffs' damages claims by forcing them to commit (often at an early stage of the proceedings, before the facts have been developed in discovery and perhaps before plaintiffs even know the total amount of damages in question) to capping their damages below a certain threshold in order to return even improperly removed claims to state courts. Contrary to HomEq's suggestion, no unfairness or impropriety flows from plaintiffs' failure to volunteer the total amount of damages they seek in this case.[3] The law does not impose such a burden on them.

Second, HomEq's fairness argument ignores the fact that the Motion to Remand includes revealing statements from plaintiffs about the type and manner of damages they seek, including the following passage:

> "Although there is much to learn in discovery in this case, it can be said at this point that the graveman [sic] of Plaintiffs' fraud and contract claims, and *the damages sought, are the charges that were incurred as a result of the Defendant's failure to apply a ten-day grace period to the payments due under the forbearance agreement.* Based on the breakdown of fees charged to the Rayborns provided by HomEq, the total fees charged to plaintiffs totals $1,843.95. (See Table attached hereto as Exhibit "C"). While the fees reflected on this breakdown may not include all the fees wrongfully imposed upon the Rayborns, it certainly is with[in] a few thousand dollars of the total amount. In any case, *there is absolutely no reason to believe, based on information now available to Plaintiffs, that the total amount of improper fees would exceed $10,000.*"

(Motion to Remand, at ¶ 7 (emphasis added).) As plaintiffs indicate, attached to the Motion to Remand is an itemized list of the improper charges and fees that plaintiffs contend HomEq wrongfully

---

[3]  The Court agrees, of course, that had plaintiffs chosen to assert categorically that they were not seeking damages over $75,000, the remand issues would be clarified considerably. However, plaintiffs are not required to make such an assertion in order to extricate themselves from federal court, if HomeEq cannot meet its burden of showing by a preponderance of the evidence that the amount in controversy exists.

imposed on them, totaling $1,843.95. HomEq fails to explain in its Motion how this information is not sufficient to quantify the damages sought by plaintiffs, or why preliminary discovery is necessary at this time to clarify that information. If – as both parties agree – the crux of this case is allegedly improper fees and charges, then an itemized schedule of those fees and charges known to plaintiffs at this time should be quite instructive to HomEq in weighing its contention that the jurisdictional threshold is satisfied. HomEq identifies no specific categories of additional information on which it believes it reasonably requires preliminary discovery in order to formulate a response to the Motion to Remand.[4]

### B. Preliminary Discovery is Not Mandated by Eleventh Circuit Precedent.

In a further attempt to bolster its Motion, HomEq asserts that "the Eleventh Circuit has expressly approved of post-removal petition discovery for the purpose of reviewing a plaintiff's motion to remand." (Motion, at 5.) However, the case cited in support of this contention, *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945 (11th Cir. 2000), does not on its face authorize or encourage a discovery procedure of the likes sought by HomEq here. Rather, in *Sierminski*, the Eleventh Circuit reached a much more limited holding in which it adopted "a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction," even as it reiterated that it is "undoubtedly best to include all relevant evidence in the petition for removal and motion to remand." 216 F.3d at 949. Nothing in *Sierminksi* suggests that the district court stayed a remand motion for a period of months to enable the parties to conduct remand-related discovery, and nothing in the Eleventh Circuit's opinion can reasonably be read as espousing such a procedure. Likewise, HomEq's reliance on Judge Butler's recent decision in *Fitzgerald* for the proposition that "Alabama district courts have permitted jurisdictional discovery in similar situations" is unfounded. (Motion, at 5.) Upon careful review of *Fitzgerald*, the Court perceives no discussion of jurisdictional discovery therein, much less endorsement of a similar procedure to that urged by HomEq.

---

[4] Given HomEq's vague pronouncements about the kinds of information it seeks, the Court harbors reservations that authorizing such initial discovery may be tantamount to giving HomEq carte blanche to conduct a fishing expedition, to browbeat plaintiffs into "locking in" with precision damages calculations that may not be known or knowable at this stage, or to gain a strategic advantage through onerous preliminary discovery in federal court aimed at wearing down an opponent.

That said, the Court agrees that it is empowered to order discovery of the type requested by HomEq if it sees fit to do so. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (noting that if jurisdictional amount is not facially apparent from the complaint, a court "may require evidence relevant to the amount in controversy at the time the case was removed"); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414 (M.D. Ala. 1986) (ordering remand-related discovery). However, this Court's authority to order discovery does not in any way lighten HomEq's burden of proving jurisdiction. *Williams*, 269 F.3d at 1319. More fundamentally, nothing in the Court's review of the cases cited by HomEq suggests that it is entitled to such remand-related discovery in a post-removal effort to meet its obligation to establish that this case properly belongs in federal court.[5]

At a somewhat higher plane of abstraction, the Court is troubled by the potential consequences of granting HomEq the relief it seeks here. To do so would effectively encourage state-court defendants to remove actions in which they cannot presently meet their burden as to the amount in controversy. Once in federal court, such defendants could seek discovery under the auspices of and subject to the rigorous procedural requirements of federal court. Such discovery might be pursued for entirely benign reasons, but might also be manipulated for the abusive purposes identified in note 4, *supra*. After weeks or months of such discovery, and the accompanying substantial expenditure of resources by both litigants and the federal court, the defendant — armed with considerable free information and the strategic benefits described *supra* — could then attempt to meet its burden and keep the case in federal court. Even if such efforts failed and the case were remanded, the defendant would

---

[5] Additionally, HomEq's representation that the necessary discovery could be completed in 60 days appears optimistic, at best. Discovery of even the simplest of factual issues often takes considerably longer than one might expect, thanks to delays in securing information, documents, and witnesses, disputes over discovery, and the like. And the damages issues raised by HomEq here may not be the simplest of issues. A far more likely scenario than the clean, no-hassle 60-day period of discovery suggested by HomEq is that the initial discovery period would drag on in this Court for several months, perhaps with judicial policing of discovery disputes, at considerable expense to the parties, all to allow HomEq to seek out a post-hoc evidentiary basis for its decision to remove this case to federal court.

be the beneficiary of discovery and strategic advantages. In the meantime, of course, the plaintiff would be prejudiced by months of costly litigation in a forum where the case did not belong, and federal courts would expend scarce resources on discovery disputes in cases that never were within the original jurisdiction of the federal courts.

In this Court's view, such a scenario is not an appropriate use of the removal procedure authorized by 28 U.S.C. § 1441. The removal statutes allow a defendant who can meet his burden of proof to remove a case. Yet HomEq would have this Court place the cart before the horse, allowing a defendant to remove a case even if it has no present reasonable basis for meeting its burden of proof, then be granted a discovery period in federal court to ferret out evidence as to whether its burden is achievable. This "remove now, ask questions later" approach is contrary to the spirit, if not the letter, of removal jurisdiction. It unnecessarily burdens federal courts and plaintiffs by allowing defendants to remove a case on a wing and a prayer, then rummage through plaintiffs' records in federal court in a post-hoc effort to justify such removal, all the while consuming federal judicial resources for cases that, perhaps, should never have been removed in the first place. The Court cannot adopt such a holding in this case.

Nor is it a reasonable rejoinder to the above to argue, as HomEq apparently does, that denial of remand-related discovery in the face of "hide-the-ball" tactics by a plaintiff as to the amount in controversy effectively strips it of the ability to remove a case. There is simply no reason why a defendant in HomEq's position cannot take discovery in state court in an effort to ascertain the amount of damages sought, then remove the case to federal court, if appropriate. Indeed, Congress sanctioned such an approach by providing that if an action is not immediately removable based on the initial pleading, a defendant may still remove it "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," within one year after the action is commenced. 28 U.S.C. § 1446(b).

III. Conclusion.

For all of the foregoing reasons, this Court is of the opinion that HomEq should not receive a

60-day period in which to conduct remand-related discovery in this Court. That said, the Court recognizes that HomEq may have delayed working on its opposition brief to plaintiffs' Motion to Remand in anticipation that its request for additional time might be granted. Accordingly, HomEq's Motion for Additional Time is granted in part, and denied in part, as follows:

1. HomEq's request for remand-related discovery is denied;

2. HomEq's request for a 60-day extension of time to respond to the Motion to Remand is denied;

3. HomEq is granted a 10-day extension of time to respond to the Motion to Remand. As such, the briefing schedule entered by the Court on October 2, 2003 is amended, such that HomEq's opposition to the Motion to Remand must be filed on or before October 30, 2003, and plaintiffs' reply brief must be filed on or before November 10, 2003.

DONE and ORDERED this 15th day of October, 2003.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE